Matthew F. Archbold (CA SBN 210369)
e-mail: matthew@yourlaborlawyers.com
David D. Deason (SBN 207733)
e-mail: david@yourlaborlawyers.com
DEASON & ARCHBOLD
17011 Beach Blvd., Suite 900
Huntington Beach, CA 92647
Telephone: (949) 794-9560

MATTHEW NORTON & ASSOCIATES
John M. Norton, Bar No. 158937
4105 East Broadway, Suite 190
Long Beach, California 90803
Telephone: (562) 433-3208

Attorneys for Individual and Representative Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KELLY CHANG-LUNA; and ESTEBAN SOLIS, | Case No.: |
| Plaintiffs, | **COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |
| vs. | |
| ULTA SALON, COSMETICS & FRAGRANCE, INC., a Delaware corporation; ULTA, INC., a Delaware corporation; and DOES 1 through 10, inclusive, | [CLASS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 23, AND COLLECTIVE ACTION PURSUANT TO 29 USC §216(b)] |
| Defendants. | |

## JURISDICTION

1.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(3) as the controversy arises under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq.  This Court has the authority to determine Plaintiffs' state claims pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

2.    Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts, events, or omissions giving rise to the action occurred in this District and Defendants resides and/or operate a place of business within the County of San Francisco.

## PARTIES

3.    Individual and representative Plaintiff, Kelly Chang-Luna (hereinafter "CHANG-LUNA"), is a current resident of Fresno County, in the State of California.  Plaintiff CHANG-LUNA was employed by Defendants in one of their Ulta Beauty locations from approximately October, 2014 through April, 2016. Plaintiff CHANG-LUNA brings her claims on behalf of herself and the national collective and California classes, as set forth below.

4.    Individual and representative Plaintiff, Esteban Solis (hereinafter "SOLIS" or collectively with CHANG-LUNA as Plaintiffs), is a current resident of Fresno County, in the State of California.  Plaintiff SOLIS was employed by Defendants in one of their Ulta Beauty locations from approximately November 2013 through his termination in November 2015.   Plaintiff SOLIS brings his claims on behalf of himself and the national collective and California classes, as set forth below.

5.    Plaintiffs are informed and believe, and thereon allege, that Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC. (hereinafter "ULTA SALON") was and is an Delaware corporation doing business under and by virtue

of the laws of the State of California, and engaged in commerce throughout the United States.

6. Plaintiffs are informed and believe, and thereon allege, that Defendant ULTA, INC. (hereinafter "ULTA" or collectively with ULTA SALON as "Defendants") was and is an Delaware corporation doing business under and by virtue of the laws of the State of California, and engaged in commerce throughout the United States.

7. Each of the DOES 1 through 10, inclusive, is so named because Plaintiffs do not know their true names and/or capacities at this time. Plaintiffs will seek leave of Court to amend this Complaint when the true names and capacities of the defendants designated herein as DOES 1 through 10 have been ascertained.

8. Plaintiffs are informed and believe, and on the basis of such information and belief, allege that each defendant was an agent, employee, partner, joint enterprise, and/or alter ego of or with each of the other remaining defendants, and in doing the things herein alleged were acting within the scope and course of such agency and/or employment. Upon information and belief, each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and Plaintiffs' injuries as herein alleged, as well as the injuries of the putative class, were proximately caused by such defendants.

9. The defendants, and each of them, save and except Defendants ULTA SALON and ULTA, which are being sued as entities, are sued in their individual and official capacities.

10. The acts of defendants were in accordance with, and represent the official policies of ULTA SALON and/or ULTA, or those whose edicts or acts may fairly be said to represent official policies hereinafter set forth.

11.  Each defendant herein willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized or otherwise participated in the unlawful acts complained of herein.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

12.  This is a collective and class action, pursuant to FLSA, 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure ("FRCP"), Rule 23, brought by individual and representative Plaintiffs CHANG-LUNA and SOLIS, on behalf of themselves and all others similarly situated, as defined below, against their former employer. Plaintiffs, putative collective action members, and putative class members (all putative members hereinafter referred to collectively as "Class Members") seek recovery for violations of state and federal overtime wage provisions, as well as all other applicable damages and penalties legally recoverable, as a result of Defendants' actions in requiring Plaintiffs and Class Members to work more than forty (40) hours per week and/or more than eight (8) and twelve (12) hours in a day without proper overtime compensation. Plaintiffs and Class Members were/are employed by Defendants as "Salesperson," "Cashier," "Cash Wrap Coordinator," "Operation Specialist," "Lead," "Consultant", "Cast Member," "Manager" paid on an hourly basis, and/or "Sales Consultant" at any Ulta Beauty location. All such employees are similarly situated under the FLSA, 29 U.S.C. § 216(b) and FRCP 23. Plaintiffs and Class Members seek recovery for violations of state and federal overtime provisions, as well as all other applicable damages and penalties legally recoverable, as a result of Defendants' actions in requiring Plaintiffs and Class Members to perform work without proper compensation. Plaintiffs and Class Members also seek recovery under California state law for failing to pay minimum wage for each and every hour worked, failing to provide all statutorily required meal and/or rest periods, and/or incurring work related expenses for which they were not reimbursed.

13. This action is brought under the FLSA; California Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 558, 1194, 1197, 1198 and 2802; California Business and Professions Code § 17200; and California IWC Wage Orders to recover from Defendants unpaid overtime and/or double time compensation, unpaid minimum wages, damages for failing to provide all meal and/or rest periods, liquidated damages, penalties, interest, attorney's fees and costs of suit.

## **COLLECTIVE ACTION**

14. Plaintiffs bring the collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other similarly situated current and former employees that worked for Defendants at any Ulta Beauty location anywhere in the United States, were paid on an hourly basis as a "Salesperson," "Cashier," "Cash Wrap Coordinator," "Operation Specialist," "Lead," "Consultant", "Cast Member," "Manager," and/or "Sales Consultant," or in a substantially similar position under a different title, and who were not paid overtime compensation for all overtime hours worked within the three-year period prior to the filing of this Complaint through the final disposition of this action ("Collective Class").

15. Defendants maintained a policy and practice that denied Plaintiffs and the Collective Class compensation for certain hours worked. Defendants maintained two distinct polices requiring Plaintiffs and Collective Class Members to work hours off the clock for which they received no compensation.

16. First, Defendants maintained a time-keeping system through the computers that operated the cash registers. Defendants require that the employees punch out at the cash registers and then go to the back room and wait for a manager to inspect the employees' bags. It was common for managers to delay as much as 15 minutes before even beginning to inspect employee bags.

17. Additionally, Defendants issued each employee a single uniform (pants and shirt). Defendants required that the employee maintain the uniform, i.e.,

wash and iron the uniform before wearing. The day to day work performed by the employees required that each employee apply makeup, handle makeup, and clean displays. This work caused the uniforms to be filthy, and therefore, maintained on a daily basis. This constant washing and mandated ironing resulted in the employee spending a significant amount of time each week just preparing the daily uniform for work.

18. Moreover, Defendants required that employees maintain a high level of makeup. Defendants required specific application of a minimum amount of makeup and the maintenance of that makeup throughout the day without compensation. This policy was set forth in writing. Defendants' insistence on makeup resulted in the employees working significant minutes each day above their personal requirements on applying sufficient makeup. Even though specifically required by the company, Defendants specifically stated that the time spent applying this makeup, and reapplying it during shifts, was not compensable time.

19. During those workweeks that Plaintiffs and Collective Class Members worked forty (40) hours or more on the books, the failure to compensate for the above referenced hours worked, resulted in the failure to pay overtime compensation.

20. Plaintiffs are informed and believe, and thereon allege, that Defendants knew, or should have known, that Plaintiffs and the Collective Class were working overtime hours without proper overtime compensation. Defendants' unlawful conduct was widespread, consistent and set forth in writing. Defendants knowingly and repeatedly accepted the benefits of the labor performed by Plaintiffs and Collective Class Members, but failed and refused to properly compensate for all such additional hours worked. The failure to pay overtime wages due for overtime hours worked by Collective Class Members was a company policy, ratified and condoned by management.

21.     Defendants' failure to properly compensate Plaintiffs and the Collective Class is a violation of the FLSA, and thus, a notice of the pendency of this action should be sent to all persons similarly situated. Those persons similarly situated are current and former employees of Defendants, and thus, are known to Defendants and readily identifiable.

## CLASS ACTION ALLEGATIONS

22.     This is a class action, pursuant to FRCP 23 on behalf of current and former employees, brought by individual and representative Plaintiffs CHANG-LUNA and SOLIS on behalf of themselves and all others similarly situated, as defined below, against their former employer. Plaintiffs bring this action on behalf of all current and former employees that worked on an hourly basis as a "Cashier," "Cash Wrap Coordinator," "Operation Specialist," "Lead," "Consultant", "Cast Member," "Manager," and/or "Sales Consultant," or in a substantially similar position under a different title, at any ULTA location within the state of California, who were not paid minimum wage compensation for all of their hours worked; were not paid overtime and/or double time compensation for all of their applicable hours worked; were not provided with all of their statutorily required meal and/or rest periods; incurred work related expenses that they were not reimbursed for; and/or had wages unlawfully deducted from their pay via pay card fees while employed within the State of California within the four-year period prior to the filing of this Complaint through the final disposition of this action ("California Class"). Such persons have been denied proper compensation in violation of the California Labor Code and IWC Wage Orders.

23.     Plaintiffs and California Class Members seek recovery for violations of state minimum wage provisions, state overtime laws, state meal and rest break provisions, state Labor Code provisions governing employee and all other applicable damages and penalties legally recoverable, as a result of Defendants' actions discussed herein.

24.     The California Class is brought under California Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 558, 1194, 1197, 1198 and 2802; California Business and Professions Code § 17200; and California IWC Wage Orders to recover from Defendant unpaid minimum wage compensation, unpaid overtime compensation, meal and/or rest break damages, non-reimbursed employment related expenses, liquidated damages, interest, penalties, attorney's fees and costs of suit.

25.     Defendants' failure to pay Plaintiffs and California Class Members minimum wage for each and every hour worked violates California Labor Code Sections 1194 and 1197, and IWC Wage Orders.  Defendants' failure to pay Plaintiffs and the putative class all of their wages due in a timely manner upon resignation or termination for such hours worked also violated California Labor Code Section 203.  Defendants' failure to properly record the correct rates of pay and/or hours worked by Plaintiffs and the California Class also violated California Labor Code Section 226.  Defendants' failure to provide Plaintiffs and California Class Members with an additional hour of pay at the employee's regular rate of pay for each meal and/or rest period not provided violated California Labor Code Section 226.7.  Defendants' failure to properly compensate Plaintiffs and the putative class in accordance with the California Labor Code constitutes an unlawful business practice in violation of California Business and Professions Code Section 17200 *et seq.*

26.     There is a well defined community of interest in the litigation and the class is easily ascertainable:

a.     Numerosity:  Plaintiffs are informed and believe, and thereon allege, that the proposed California Class is so numerous as to make joinder impracticable.  Plaintiffs are informed and believe, and thereon allege, that the total number of putative class members, as defined above, exceeds 50 and that such persons are located in all parts of California and throughout the United States.

b.   Common questions predominate:  This action is maintainable by Plaintiffs under FRCP 23 as a class action because the questions of law and fact common to the class predominate over any questions affecting individual members and, on balance, a class action is superior to other methods available for adjudicating the controversy. The rights which are the subject of this action are common to all California Class Members who worked for ULTA within California, and Plaintiffs' claims, as hereinafter set forth, are typical of the claims of all California Class Members including, but not limited to:

i)   Whether Defendants failed to properly compensate Plaintiffs and California Class Members at least minimum wage for each and every hour worked in violation of the California state wage and hour laws;

ii)   Whether Defendants failed to properly compensate Plaintiffs and California Class Members for all of their overtime and/or double time hours worked in violation of the California state wage and hour laws;

iii)   Whether Defendants failed to properly compensate Plaintiffs and California Class Members with an additional hour of pay at their regular rate of compensation for each meal and/or rest period not provided in violation of the California state wage and hour laws;

iv)   Whether Defendants failed to properly record and keep adequate records of all of the hours worked by Plaintiffs and California Class Members, and whether Defendants provided a proper itemized statement of wages earned and hours worked, as required under state law;

vi)   Whether Defendants failed to reimburse Plaintiffs and California Class Members for any and all employment related expenses; and

vii)   Whether Plaintiff and California Class Members are entitled waiting time penalties pursuant to Cal. Labor Code Section 203.

c.   Typicality:  Plaintiffs' claims, as well as Defendants' defenses to such claims, are typical of the claims and defenses of the putative class.   Plaintiffs

and California Class Members all sustained damages arising out of Defendants' common practices of not paying its hourly employees all of their overtime and/or double time compensation for daily overtime hours worked, not paying minimum wage for each and every hour worked, not paying an additional hour of pay for each meal and/or rest period not provided, improperly deducting employee wages, not reimbursing employees for all work related expenses, and failing to accurately record all hours worked and appropriate rates of pay. Plaintiffs have the same, or substantially similar, claims as California Class Members.

d. Adequacy: Plaintiffs are adequate representatives of the class in that their claims are typical of each class member and they have no interests antagonistic to or in conflict with the interests of other California Class Members. Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member. Moreover, to represent their interests and the interests of the proposed class, Plaintiffs have retained counsel experienced in nationwide, and statewide, wage and hour class action litigation.

e. Superiority: Class action adjudication is superior to other available methods because a class action will achieve economies of time, effort, and expense as compared to separate lawsuits, and avoid inconsistent outcomes, because the same issues can be adjudicated in the same manner for the entire class. Plaintiffs are currently unaware of any pending litigation commenced by any other class member involving the same issues in this Complaint. Further, it is desirable to concentrate the litigation of such claims in this forum, and there are no difficulties likely to be encountered in the management of the class action.

f. Public Policy Consideration: Employers throughout the state violate wage and hour laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they perceive that their former employers can damage their future endeavors through negative references and other means. Class

actions provide the Class Members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights.

27. This action is also maintainable as a class because filing separate actions may result in varying or contradictory adjudications, thus establishing incompatible standards of conduct for Defendants. Further, Plaintiffs are informed and believe, and thereon allege, that Defendants acted, or failed to act, on grounds that generally affected the entire class as a whole. Moreover, the damages suffered by individual class members are small by comparison to the cost and expense of individual prosecution of the action. Filing as a class will also obviate the need for duplicative litigation, and thus, is the most efficient and cost effective means by which to adjudicate these claims.

28. Plaintiffs request that absent Class Members be notified by the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.

## STATEMENT OF FACTS

29. At all times herein set forth, Defendants were employers within the definition of California and Federal law, were persons acting in the employer's interest in dealing with employees, and/or were a joint enterprise; and Plaintiffs and Class Members were at all times herein set forth employees of Defendants within the definition of California and Federal law.

30. Defendants jointly employ and control the work of Plaintiffs and Class Members that work, or have worked, at any of the Ulta Beauty locations in California and throughout the United States.

31. On information and belief, each of the named Defendants had the authority to hire and fire Plaintiffs and Class Members.

32. On information and belief, Defendants share at least some common corporate officers, directors and/or management.

33.     Defendants have been an intertwined joint enterprise throughout the relevant statutory period.

34.     As set forth above, Plaintiff CHANG-LUNA was employed by ULTA as a "Cashier," "Cash Wrap Coordinator," and/or "Cast Member" from approximately October, 2014 through April, 2016.  Throughout her employment, she was paid between $19.50 per hour and $19.70 for certain hours worked. Plaintiff SOLIS was employed by ULTA out of its location in Fresno, California from approximately November 2013 through November, 2015 as both an "Hourly Manager" and a "Sales Consultant."  Throughout his employment, he was paid between $22.00 and $25.33 per hour for certain hours worked.

35.     Plaintiffs are informed and believe, and thereon allege, that at all times set forth herein, Defendants' annual gross volume of sales made or business done is not less than $500,000.

36.     Throughout their employment, Plaintiffs occasionally worked more than eight (8) hours per day, more than forty (40) hours per week, and/or more than twelve (12) hours per day, and/or seven (7) days in a week without proper overtime and/or double time compensation, in order to complete the duties assigned to them.

37.     Throughout their employment, Plaintiffs were only compensated for a specific amount of time for each "shift" or week, but were not compensated for all hours worked, including but not limited to time spent cleaning and caring for their uniforms, applying and maintaining a prescribed level of makeup and hair, and mandatory security checks.

38.     Throughout Plaintiffs' employment, ULTA did not provide them with wage statements indicating the proper rates of pay for each and every hour worked, or a breakdown of bonuses earned, on their pay stubs.

39.     Throughout Plaintiffs' employment, the press of business and/or the requirement to maintain their makeup and appearance off the clock prevented them

from taking an uninterrupted meal and/or rest period as mandated by California law.

40.    Additionally, Defendants issued each employee a single uniform (pants and shirt).  Defendants required that the employee maintain the uniform, i.e., wash and iron the uniform before wearing. The day to day work performed by the employees required that each employee apply makeup, handle makeup, and clean displays.  This work caused the uniforms to be filthy, and therefore maintained on a daily basis.  This constant washing, mandated ironing, occasional dry cleaning, and replacement costs caused Plaintiffs and California Class Members to incur costs that were not reimbursed by Defendants.

41.    After Plaintiffs' employment ended, they were not paid for their uncompensated overtime hours worked, uncompensated minimum wage hours worked, and/or meal period damages.

42.    Defendants knew or should have known that Plaintiffs and Class Members worked overtime and/or double time without full compensation, were not paid minimum wage for each and every hour worked, were not provided all of their statutorily mandated meal and/or rest breaks, were not reimbursed for employment related expenses, and/or had wages improperly deducted from their pay in that Defendants, or their agents, officers and employees, required Plaintiffs to work such hours and were responsible for establishing the specific policies and procedures discussed herein. Defendants knowingly accepted the benefits of Plaintiffs' labor, and the labor of Class Members, without providing lawful compensation.

43.    Plaintiffs are informed and believe, and thereon allege, that at all times set forth herein, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor laws. Plaintiffs are further informed and believe, and thereon allege, that at all times relevant to this Complaint, Defendants knew or should have known that Plaintiffs

and other similarly situated employees were not being properly compensated for all of their hours worked under California and/or Federal law, were not being provided all of their meal and/or rest breaks, were not reimbursed for employment related expenses, and had wages improperly deducted from their pay.

44.    These actions by Defendants amount to blatant and willful violations of the FLSA and the California labor code.  Plaintiffs are informed and believe that Defendants willfully, knowingly and intentionally failed to comply with Federal and California law.

## FIRST CAUSE OF ACTION

### FOR WILLFUL VIOLATION OF 29 U.S.C. § 207

45.    Plaintiffs reassert and reallege paragraphs 1 through 44, inclusive, as though fully set forth and incorporate said paragraphs herein by reference.

46.    Defendants have either recklessly or knowingly and intentionally failed to compensate Plaintiffs and Collective Class Members at the rate of time and one-half for all of their overtime hours worked.

47.    As set forth more fully above, Plaintiffs and Collective Class Members worked more than forty (40) hours per week without receiving all of their overtime compensation as required under the FLSA.

48.    As set forth more fully above, because of Defendants' policy and practice of not permitting Plaintiffs and Collective Class Members to record all hours worked: waiting for and being subjected to security checks; preparing and maintaining a certain level of makeup and personal appearance; maintaining their uniforms; and deducting wages when using a pay card, on those weeks when they worked more than forty (40) hours per week, they were not paid all of their overtime compensation as required under the FLSA.

49.    Although Defendants are aware of the law regarding the payment of overtime hours covered by the FLSA, Defendants failed to pay Plaintiffs and

////

Collective Class Members overtime compensation for all of their overtime hours worked.

50.    In doing all the things described and alleged in this Complaint, Defendants deprived Plaintiffs and Collective Class Members of the rights secured to them under federal law, which clearly sets forth that such employees are entitled to compensation at the rate of one and one-half their regular rate of compensation for all hours worked in excess of forty (40) hours in a workweek.

51.    Defendants willfully, in bad faith and/or with a reckless disregard for Plaintiffs' and Collective Class Members' rights under the law, failed to compensate Plaintiffs and Collective Class Members for all of their overtime hours worked with overtime compensation.

52.    As a direct and proximate result of Defendants' actions and inactions, Plaintiffs and Collective Class Members have been damaged and are entitled to compensatory and/or liquidated damages in an amount according to proof at trial including, but not limited to, a sum equivalent to their unpaid overtime compensation and an equal amount for liquidated damages, according to proof, for the three (3) years preceding the filing of this Complaint as required under 29 U.S.C . § 216(b), attorney fees, and costs, as well as any other equitable relief that the Court deems just and proper.  Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of all the aforementioned damages.

## SECOND CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE §§ 1198 and 510

53.    Plaintiffs reassert and reallege paragraphs 1 through 52, inclusive, as though fully set forth and incorporates said paragraphs herein by reference.

54.    The Defendants' conduct, as described in this Complaint, violates the provisions of California Labor Code § 1198, which provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission ("IWC").

55.   At all times relevant to this Complaint, the IWC Wage Order applicable to Plaintiffs' employment with Defendants provided that employees are entitled to payment at the rate of one and one-half their regular rate of pay for all hours worked in excess of eight (8) hours in a day, forty (40) hours in a workweek, and/or the first eight (8) hours in the seventh consecutive day of work. The applicable Wage Order also provides that all hours worked in excess of twelve (12) hours in a day, or in excess of eight (8) hours on the seventh consecutive day of work, must be paid at a rate of two times the regular rate of pay.   Effective January 1, 2000, these rights to overtime compensation were codified in California Labor Code § 510.

56.   During their employment, Plaintiffs, and the California Class Members, frequently worked more than eight (8) hours a day and/or forty (40) hours per week, and/or twelve (12) hours in a day.  Despite these hours worked, ULTA willfully, in bad faith, and in knowing violation of the California Labor Code, failed and refused to pay Plaintiffs and the California Class Members all of their overtime and/or double time compensation owed.

57.   As set forth above, because of Defendants' policy and practice of not permitting Plaintiffs and California Class Members to record all hours worked: waiting for and being subjected to security checks; preparing and maintaining a certain level of makeup and personal appearance; and maintaining their uniforms on those occasions when they worked overtime hours, they were not compensated all of their overtime pay. Defendants knowingly accepted the benefits of Plaintiffs' labor, and the labor of California Class Members, without providing all of their lawful overtime and/or double time compensation.

58.   Defendants' failure to pay Plaintiffs and California Class Members the unpaid balance of overtime compensation violates the provisions of Labor Code § 1198 and is therefore unlawful.

59.     Therefore, pursuant to California Labor Code § 1194, Plaintiffs and California Class Members are entitled to recover from ULTA their unpaid overtime compensation in an amount according to proof, plus interest, attorney fees and costs.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE § 1197

60.     Plaintiffs reassert and reallege paragraphs 1 through 59, inclusive, as though fully set   all time worked for ULTA.

61.     The Defendants' conduct described in this Complaint violates the provisions of California Labor Code § 1197 which provides that the payment of a wage less than the minimum so fixed is unlawful.

62.     Defendants have failed, and continues to fail, to pay Plaintiffs and California Class Members their minimum wages due.  Therefore, Plaintiffs and California Class Members are entitled to recover the unpaid balance of minimum wage compensation, plus interest on that amount, liquidated damages, reasonable attorney's fees, and costs of this suit pursuant to California Labor Code § 1194(a) and § 1194.2.

### FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 & 512

63.     Plaintiffs reassert and reallege paragraphs 1 through 62, inclusive, as though fully set forth and incorporates said paragraphs herein by reference.

64.     The Defendants' conduct, as described in this Complaint, violates the provisions of California Labor Code §226.7 which provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

65.     At all times herein set forth, the IWC Wage Order applicable to Plaintiffs' employment, provides that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30

minutes, except that when a work period of not more than six (6) hours will complete the day's work. In addition, such meal periods should occur in the middle of the work day. If an employer fails to provide an employee a meal period, the employer shall pay the employee one hour of pay for each instance that the meal period is not provided.

66. At all times herein set forth, the IWC Wage Order applicable to Plaintiffs' employment, also provides that every employer shall permit and authorize each employee to take rest periods of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof. If an employer fails to provide an employee a rest period, the employer shall pay the employee one hour of pay for each instance that the rest period is not provided.

67. By not permitting Plaintiffs to take an uninterrupted thirty (30) minute meal period on each day they worked six (6) hours or more, and/or not providing ten (10) minute rest periods, Defendants' conduct, as described in this Complaint, violates the provisions of California Labor Code §226.7 and §512.

68. Therefore, Plaintiffs and other California Class Members are entitled to recover from Defendants one hour of pay at their regular rate of compensation for each instance that their meal periods were not provided, and/or their rest periods were not provided, in accordance with California Labor Code § 226.7(b), and an award of costs and reasonable attorney fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202 AND 203

69. Plaintiffs reassert and reallege paragraphs 1 through 68, inclusive, as though fully set forth and incorporates said paragraphs herein by reference.

70. Defendants' conduct, as described in this Complaint, violates the provisions of California Labor Code § 203 which provides that "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who

quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days . . . . Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise."

71. Defendants' failure to pay Plaintiffs and/or any California Class Members all of their overtime wages, and/or double time wages; and/or minimum wages for each and every hour worked; and/or additional hour of pay for each meal or rest period not provided at the time of discharge, or within seventy-two (72) hours of their leaving ULTA's employ, violated California Labor Code Section 201 and/or Section 202.

72. Therefore, Plaintiffs, and/or any California Class Members and/or California Class Member, who are no longer employed by Defendants are entitled to recover the statutory penalty for each day that they were not paid at their regular rate of pay up to a thirty (30) day maximum pursuant to California Labor Code § 203.

### SIXTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE § 226

73. Plaintiffs reassert and reallege paragraphs 1 through 72, inclusive, as though fully set forth and incorporates said paragraphs herein by reference.

74. Defendants either recklessly or knowingly and intentionally failed to make, keep, preserve and provide true, accurate, and complete itemized records indicating the proper rates of pay for each and every hour worked by Plaintiffs and/or California Class Members, and/or a proper accounting of bonuses earned, on their pay stubs.

75. Therefore, Plaintiffs, and California Class Members, are entitled to recover from Defendants the greater of their actual damages caused by its failure to comply with California Labor Code § 226(a) or an aggregate penalty not exceeding

four thousand dollars ($4000), and an award of costs and reasonable attorney's fees pursuant to Labor Code § 226(e).

## <u>SEVENTH CAUSE OF ACTION</u>

### FAILURE TO REIMBURSE IN VIOLATION OF LABOR CODE §2802

76.     Plaintiffs reassert and reallege paragraphs 1 through 75, inclusive, as though fully set forth and incorporates said paragraphs herein by reference.

77.     While acting on the direct instruction of Defendants and discharging their duties for Defendants, Plaintiffs and California Class members incurred work-related expenses for the maintenance and replacement of uniforms Defendants required they wear.  Plaintiffs and California Class members necessarily incurred these substantial expenses as a direct result of performing their job duties for Defendants.

78.     Defendants have failed to indemnify or in any manner reimburse the Plaintiffs and California Class members for these expenditures, and has violated and continues to violate Cal. Labor Code § 2802.

79.     As a direct and proximate result of Defendants' conduct, Plaintiffs and California Class members have suffered substantial losses according to proof, including pre-judgment interest, costs and attorney fees for the prosecution of this action.

## <u>EIGHTH CAUSE OF ACTION</u>

### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS
### CODE SECTION 17200 *et seq*
### UNFAIR BUSINESS PRACTICES

80.     Plaintiffs reassert and reallege paragraphs 1 through 79, inclusive, as though fully set forth and incorporates said paragraphs herein by reference.

81.     Plaintiffs bring this cause of action on behalf of all current and former employees that worked as a "Cashier," "Cash Wrap Coordinator," "Operation Specialist," "Lead," "Consultant", "Cast Member," "Manager" paid on an hourly

basis, and/or "Sales Consultant" or in a substantially similar position under a different title, at any Ulta Beauty location within the state of California and who were not paid minimum wage compensation for all of their applicable hours worked, who were not paid overtime wage compensation for all of their applicable hours worked, were not paid an additional hour of work for each meal and/or rest period not provided, and/or were not reimbursed for all employment related expenses, within the four-year period prior to the filing of this Complaint through the final disposition of this action.

82. Defendants' failure to pay the legally mandated wages as discussed above in violation of California law constitutes an unlawful business act and practice in violation of Business and Professions Code §17200 *et seq.*

83. Pursuant to Business and Professions Code Section 17200 *et seq.*, Plaintiffs, and California Class Members and/or California Class Members, are entitled to restitution of their uncompensated wages and damages which have been withheld and retained by Defendants during a period that commences four years prior to the filing of this action; an award of attorney fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law; and costs.

## NINTH CAUSE OF ACTION

### FOR CIVIL PENALTIES PURSUANT TO LABOR CODE

84. Plaintiffs reassert and reallege paragraphs 1 through 83, inclusive, as though fully set forth and incorporates said paragraphs herein by reference.

85. Plaintiffs file this cause of action as a representative action on behalf of themselves and all other current and/or former employees who worked at any Ulta Beauty location as a "Cashier," "Cash Wrap Coordinator," "Operation Specialist," "Lead," "Consultant", "Cast Member," "Manager" paid on an hourly basis, and/or "Sales Consultant" or in a substantially similar position under a different title, at any Ulta Beauty location within the state of California.

86.     As a result of the acts alleged above, Plaintiffs seek penalties, including wages, under California Labor Code §§226.3, 256, 558, 1197.1, 2698 and/or 2699 stemming from Defendant's violation(s) of Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 558, 1194, 1197, 1198 and 2802; California Business and Professions Code § 17200; and California IWC Wage Orders.

87.     Pursuant to California Labor Code Section 2699(i), and with the exception of underpaid wages paid as penalties, the penalties sought will be allocated 75% to the California Labor Development Workforce Agency ("LWDA"), and 25% to the affected employees.

88.     Pursuant to California Labor Code § 2699(g)(1), Plaintiffs and California Class Members are also entitled to recover attorney fees and costs incurred in this action.

89.     On September 9, 2016, Plaintiffs sent a certified letter to the LWDA and Defendants as prescribed by the Code, in addition to filing online.  Plaintiffs have not received a letter from the LWDA indicating that it intends to investigate the alleged Labor Code violations. Therefore, under Labor Code §2699.3(a)(2)(A), Plaintiffs may proceed and file a complaint for penalties pursuant to Labor Code Section 2699 since, where no letter is received within 65 calendar days, Plaintiffs are entitled to commence a civil action as though the LWDA had chosen not to investigate per section 2699.3(a)(2)(A).

## **PRAYER FOR RELIEF**

### Certification

1.     That this action be certified as a class pursuant to FRCP Rule 23 and 29 U.S.C. 216(b);

2.     That Plaintiffs be appointed as the class representatives; and

3.     That Counsel for Plaintiffs be appointed as class counsel.

////

////

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**WHEREFORE, Plaintiffs and Collective Class Members pray for relief against Defendants:**

As to the First Cause of Action

1.     For general unpaid wages at overtime rates, and any other actual, consequential, liquidated and incidental losses and damages, according to proof at trial;

2.     Such other damages as may be allowed by 29 U.S.C. 216(b), and any other applicable statute according to proof;

3.     Liquidated damages, attorney fees, and costs pursuant to 29 U.S.C. 216(b); and

4.     Any other relief, including equitable relief, as the Court may deem just and proper.

**WHEREFORE, Plaintiffs and California Class Members pray for relief against Defendants as follows:**

As to the Second Cause of Action

1.     For general unpaid wages at overtime rates and such general and special damages as may be appropriate;

2.     For pre-judgment interest on any unpaid overtime compensation due from the day such amounts were due;

3.     For reasonable attorney's fees pursuant to California Labor Code § 1194(a);

4.     For costs of suit incurred herein; and

5.     For such other and further relief as the Court may deem appropriate.

As to the Third Cause of Action

1.     For general unpaid wages at minimum wage rates, and such general and special damages as may be appropriate;

2.     For pre-judgment interest on any unpaid minimum wage compensation due from the day such amounts were due;

22

1      3.    For reasonable attorney's fees pursuant to California Labor Code §

2  1194(a);

3      4.    For liquidated damages pursuant to California Labor Code § 1194.2(a)

4  in an amount equal to the minimum wages unpaid and interest on that amount;

5      5.    For costs of suit incurred herein; and

6      6.    For such other and further relief as the Court may deem appropriate.

7  <u>As to the Fourth Cause of Action</u>

8      1.    For all actual, consequential, and incidental losses and damages,

9  according to proof;

10      2.    For statutory damages pursuant to California Labor Code § 226.7(b);

11      3.    For reasonable attorney's fees;

12      4.    For costs of suit incurred herein; and

13      5.    For such other and further relief as the Court may deem appropriate.

14  <u>As to the Fifth Cause of Action</u>

15      1.    For all actual, consequential, and incidental losses and damages,

16  according to proof;

17      2.    For statutory penalties pursuant to California Labor Code § 203;

18      3.    For reasonable attorney's fees;

19      4.    For costs of suit incurred herein; and

20      5.    For such other and further relief as the Court may deem appropriate.

21  <u>As to the Sixth Cause of Action</u>

22      1.    For all actual, consequential, and incidental losses and damages,

23  according to proof;

24      2.    For statutory penalties pursuant to California Labor Code § 226(e);

25      3.    For reasonable attorney's fees pursuant to California Labor Code §

26  226(e);

27      4.    For costs of suit incurred herein; and

28      5.    For such other and further relief as the Court may deem appropriate.

## As to the Seventh Cause of Action

1.      For all actual, consequential, and incidental losses and damages, according to proof;

2.      For pre-judgment interest on any non-reimbursed expenses due from the day such amounts were due;

3.      For reasonable attorney fees pursuant to California Labor Code § 2802;

4.      For costs of suit incurred herein; and

5.      For such other and further relief as the Court may deem appropriate.

## As to the Eighth Cause of Action

1.      For all actual, consequential, and incidental losses and damages, according to proof;

2.      For restitution of uncompensated overtime and accrued interest to all California Class Members employed by Defendant in California;

3.      For reasonable attorneys fees, pursuant to Code of Civil Procedure § 1021.5;

4.      For costs of suit incurred herein; and

5.      For such other and further relief as the Court may deem appropriate.

**WHEREFORE, Plaintiffs and those they seek to represent pray for relief against Defendants as follows:**

## As to the Ninth Cause of Action

1.      For statutory penalties including wages pursuant to California Labor Code §§226.3, 256, 558, 1197.1, 2698 and/or 2699;

2.      For reasonable attorney's fees;

3.      For costs of suit incurred herein; and

////

////

4.    For such other and further relief as the Court may deem appropriate.


DATED: March 10, 2017                    DEASON & ARCHBOLD


                                         By:/s/ David D. Deason
                                             David D. Deason
                                             Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: March 10, 2017         DEASON & ARCHBOLD


                         By:/s/ David D. Deason
                              David D. Deason
                              Attorneys for Plaintiffs