JOHN C. KLOOSTERMAN, Bar No. 182625
jkloosterman@littler.com
ALEXIS A. SOHRAKOFF, Bar No. 273410
asohrakoff@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendant
ULTA SALON, COSMETICS & FRAGRANCE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CHANG-LUNA and ESTEBAN SOLIS,<br><br>Plaintiffs,<br><br>v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 17-cv-00363-AWI-SKO<br><br>**STIPULATION FOR VOLUNTARY DISMISSAL; ORDER** |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

STIPULATION AND ORDER FOR VOLUNTARY DISMISSAL

CASE NO. 17-CV-00363-AWI-SKO

This Stipulation and Order is entered into between Plaintiffs KELLY CHANG-LUNA and ESTEBAN SOLIS ("Plaintiffs") and Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC. ("Defendant") (hereinafter the "Parties"), by and through their counsel of record, as follows:

WHEREAS, Plaintiffs initiated the above entitled action by filing a proposed wage and hour class action complaint on March 10, 2017 against Defendant (hereinafter "the Action") in the Eastern District of the United States District Court;

WHEREAS, after filing the Action, Plaintiffs learned they were class members in a separate class action pending in the United States District Court in the Central District of California, titled *Sarah Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.*, Case No. CV-12-3224 FMO (AGRx) ("*Moore* action");

WHEREAS, Plaintiffs realized that the claims settled by the *Moore* action significantly overlapped with the claims asserted by Plaintiffs in this Action;

WHEREAS, the claims asserted and settled in the *Moore* action included: (1) failure to pay overtime compensation; (2) failure to compensate for all hours worked; (3) failure to pay all wages due upon discharge; (4) failure to provide required meal periods; (5) failure to authorize or permit rest periods; (6) failure to maintain required records; (7) waiting time penalties; and (8) unfair competition under California Business and Professions Code section 17200, *et seq.*;

WHEREAS, Plaintiff Kelly Chang-Luna timely opted out of the settlement of the *Moore* action and sought an individual settlement from Defendant;

WHEREAS, Plaintiff Esteban Solis did not opt out of the settlement of the *Moore* action;

WHEREAS, on July 25, 2017, the Central District Court issued final approval of the class action settlement, entered judgment and dismissed the action with prejudice;

WHEREAS, Defendant has never responded to the Action (but has been in communication with counsel for Plaintiffs) and Plaintiffs have not filed a motion for class certification in the Action;

WHEREAS, Plaintiff Chang-Luna now desires to dismiss her individual claims with

STIPULATION AND ORDER FOR VOLUNTARY DISMISSAL — 1. — CASE NO. 17-CV-00363-AWI-SKO

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1  prejudice against Defendant due to a settlement with Defendant;

2  WHEREAS, Plaintiff Solis now desires to dismiss his individual claims with prejudice in light of his participation as a class member in the settlement of the *Moore* action and the action titled *Quinby et al. v. Ulta Salon, Cosmetics & Fragrance, Inc.,* in the Northern District Court of California, Case No. CV-15-4099 WHO;

WHEREAS, Rule 23(e) of the Federal Rules of Civil Procedure permits voluntary dismissal of the putative class action allegations and dismissal of the named plaintiffs' claims prior to certification of a class action without Court approval or notice to the putative class;[1]

WHEREAS, dismissal of this Action will not impair the claims of putative class members, if any, because the Action has not been certified as a class action;

WHEREAS, notice to the proposed class is not warranted in this case, as the Action has not been certified as a class action;

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, that the Court enter an Order that this Action be dismissed with prejudice, but that such Order will not affect the rights of putative class members, other than Plaintiffs Kelly Chang-Luna and Esteban Solis, to bring any existing claims they may have. Each party shall bear their or its own attorneys' fees and

---

[1] Rule 23(e) states that "[t]he claims, issues, or defenses **of a certified class** may be settled, voluntarily dismissed, or compromised only with the court's approval. *See Fed Rules Civ. Proc., Rule 23(e)* (emphasis added). The 2003 Committee Notes to revisions to Rule 23(e) make clear that Court approval is **not** required for settlements which seek to resolve only the named representative's individual claims when sought prior to certification of a class:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be -- and at times was -- read to require court approval of settlements with putative class representatives that resolved only individual claims. See Manual for Complex Litigation Third, § 30.41. The new rule requires approval only if the claims, issues, or defenses **of a certified class** are resolved by a settlement, voluntary dismissal, or compromise.

*See Fed Rules Civ. Proc., Rule 23(e)(1), Committee Note of 2003* (emphasis added); *see also Bender Practice Guide: Fed Pretrial Civ. Proc. in CA*, at 20.41 ("Rule 23 requires court approval of a voluntary dismissal or settlement with notice to the class members, but the requirement of court approval applies **only after certification** of the action as a class action [see Fed R Civ P 23(e)(1)]. Before certification, plaintiffs may settle or dismiss their individual claims as in an individual action [see Fed R Civ P 23(e)(1), Committee Note of 2003]. Similarly, the plaintiffs may amend the complaint to delete the class allegations and proceed as in an individual suit [see Fed R Civ P 15].") (parentheticals in original).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

STIPULATION AND ORDER FOR VOLUNTARY DISMISSAL    2.    CASE NO. 17-CV-00363-AWI-SKO

1 | costs.

**IT IS SO STIPULATED.**

Dated: August 31, 2017

/s/ John C. Kloosterman
JOHN C. KLOOSTERMAN
ALEXIS A. SOHRAKOFF
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ULTA SALON, COSMETICS &
FRAGRANCE, INC.

Dated: August 31, 2017

/s/ David D. Deason
MATTHEW F. ARCHBOLD
DAVID D. DEASON
DEASON & ARCHBOLD

JOHN M. NORTON
MATTHEW NORTON & ASSOCIATES

Attorneys for Plaintiffs
KELLY CHANG-LUNA and
ESTEBAN SOLIS

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

STIPULATION AND ORDER FOR
VOLUNTARY DISMISSAL

3.

CASE NO. 17-CV-00363-AWI-SKO

**ORDER**

Pursuant to the parties' above-stipulation (Doc. 13), and GOOD CAUSE appearing, the Court ORDERS:

1. That this Action is dismissed with prejudice;
2. That because no class has been certified, this Order has no effect on the existing rights of putative class members other than Plaintiffs Kelly Chang-Luna and Esteban Solis;
3. That each Party shall bear their or its own attorneys' fees and costs; and
4. That the Clerk of Court close this case.

IT IS SO ORDERED.

Dated: **October 30, 2017**     /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE